UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK A. STARKEY, | ) |
|     Petitioner, | ) |
| v. | ) No. 4:11-CV-1885-SNLJ |
| STEVE LARKINS, | ) |
|     Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner Mark A. Starkey's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court will order him to show cause as to why the Court should not dismiss this action for failure to exhaust available state remedies.

**The petition**

Petitioner, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks relief pursuant to 28 U.S.C. § 2254. Petitioner states that on July 28, 2011, following a jury trial, he was convicted in the St. Louis County Circuit Court. On August 10, 2011, petitioner filed a writ of habeas corpus with the Missouri Court of Appeals, which the Court denied on August 22, 2011. Petitioner was sentenced on September 7, 2011. Two days later, on September 9, petitioner filed a Rule 29.15 motion for post-conviction relief with the trial court. The motion was denied on October

5, 2011, as premature.[1]  Petitioner filed the instant § 2254 motion on or about October 27, 2011.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction.  <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973).  State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.  In the instant case, petitioner filed his original Rule 29.15 motion only two days after he was sentenced, which was too soon.  Nevertheless, it appears that petitioner may file another Rule 29.15 motion in state court, given that the 180-day time period in which to do so has not yet expired.  As such, petitioner has currently available state procedures that must be exhausted prior to the filing of a habeas corpus petition in federal court.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that petitioner has not yet exhausted his available state remedies.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant action for failure to exhaust available state remedies.  Petitioner's failure to file a show cause response shall result in the denial of his habeas petition and the dismissal of this action, without prejudice.

---

[1]Pursuant to Missouri Rule 29.15(b)(3), if no appeal has been filed, a Rule 29.15 motion shall be filed within 180 days of the later of (1) the date the person is delivered to the custody of the department of corrections; or (2) the date the judgment or sentence was final for purposes of appeal.

Dated this 10th day of November, 2011.

_____
**UNITED STATES DISTRICT JUDGE**